UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IVAN COLLADO,

        Petitioner,

  -v-                                          No. 17-CV-10087-LTS
                                                    No. 14-CR-00731-LTS

UNITED STATES OF AMERICA,

        Respondent.

-------------------------------------------------------x

## ORDER

On December 26, 2017, Ivan Collado ("Petitioner") moved pro se to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel in violation of the Sixth Amendment to the Constitution of the United States. (Docket Entry No. 80, the "Petition.") On March 27, 2018, the Government responded to Petitioner's motion (Docket Entry No. 105), and on August 20, 2018, Petitioner filed a reply brief (Docket Entry No. 122). The Court has considered carefully the parties' submissions and, for the following reasons, the Petition is granted in part and denied in part.

## BACKGROUND

On June 28, 2016, Petitioner pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit Hobbs Act robberies in violation of 18 U.S.C. § 1951. (See Docket Entry No. 55.) As noted in the plea agreement, Petitioner initially disputed that he had brandished or possessed a firearm in connection with his offense, and contested the applicability of a five-point offense level enhancement under section 2B3.1(b)(2)(C)[1] of the United States

---

[1] The plea agreement erroneously refers to section 2B3.1(b)(1)(C) of the Sentencing Guidelines, which does not exist.

Sentencing Guidelines (the "Guidelines"). (See id., Gov. Ex. 1 at 2-4.) However, by letter dated November 15, 2016, Petitioner notified the Court that he had "elected not to contest the . . . guidelines issues" and would instead "rely on the guidelines calculation set forth in the final presentence investigation report." (Docket Entry No. 62.)

On December 15, 2016, the Court adopted the Guidelines calculation set forth in the Presentence Investigation Report (which included the previously-disputed five-point enhancement under section 2B3.1(b)(2)(C)) and sentenced Petitioner to a custodial term of 121 months followed by three years of supervised release. (See Docket Entry No. 70 at 43:19-44:9, 49:20-22.) Petitioner's counsel, Edward V. Sapone ("Sapone"), did not challenge the application of section 2B3.1(b)(2)(C) during the sentencing proceedings. (See generally Docket Entry No. 70.) Immediately after sentencing, Petitioner "informed [Sapone] that [he] desired to appeal the 5 level enhancement applied [in formulating his sentence]." (Petition ¶ 17.) However, no notice of appeal was ever filed in Petitioner's case.

On December 21, 2016, the Court signed an order of forfeiture, which entered against Petitioner "a money judgment in the amount of $13,524.00 . . . representing proceeds . . . defendant obtained directly or indirectly as a result of the offense described in Count One of the Indictment." (Docket Entry No. 68 at 2.) As noted in the judgment, "[t]he $13,524.00 in US currency seized by law enforcement on or about July 21, 2014 [was] credited against the defendant's forfeiture obligation." (Docket Entry No. 78 at 7.) The Court also imposed a separate restitution obligation, stating that Petitioner "shall pay restitution in the total amount of $11,500 to the victims of the offense charged in Count One."[2] (Docket Entry No. 76 at 1.)

---

[2] Petitioner is jointly and severally liable for the restitution amount and, as a result, any restitution payments made by his co-defendant, Harold Mena, will count towards Petitioner's restitution obligation. (Id.)

On December 26, 2017, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255.  In his application, Petitioner seeks relief on three grounds:  first, he claims that his counsel was ineffective in failing to appeal his sentence; second, he claims that his counsel was ineffective in failing to "oppose a joint and several monetary judgment for the proceeds of the overall conspiracy;" and third, Petitioner claims that his counsel was ineffective in failing to oppose application of the section 2B3.1(b)(2)(C) enhancement to his Guidelines calculation.  (Petition ¶¶ 1-31.)

## Discussion

The Court first addresses Petitioner's First Claim for Relief, based on Sapone's failure to file a notice of appeal in Petitioner's case.  Petitioner asserts—and the Government does not dispute—that Petitioner "informed [his counsel] that [he] desired to appeal the 5 level enhancement applied [in formulating his sentence]."  (Petition ¶ 17; Docket Entry No. 105.)  According to Petitioner, Sapone told Petitioner that he would meet with him to discuss Petitioner's appeal, but Sapone never visited, and he never filed an appeal.  (Petition ¶ 17.)

A petitioner may prevail on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 if he can show that he received ineffective assistance of counsel.  See Massaro v. U.S., 538 U.S. 500, 504-06 (2003).  To prevail on a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that prejudice resulted from counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The Supreme Court has "held that a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable, and that where counsel's error leads to 'the forfeiture of a proceeding itself,' prejudice will be presumed." Campusano v.

U.S., 442 F.3d 770, 773 (2d Cir. 2006) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 477, 483-84 (2000)) "When counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit." Id. (internal quotation marks omitted).

Here, the Government does not dispute Petitioner's assertion that Sapone provided ineffective assistance of counsel by failing to file Petitioner's requested notice of appeal. (See Docket Entry No. 105.) To the contrary, the Government states that, "[f]ollowing consultation with counsel for the defendant, the Government will not oppose the defendant's request that the judgment be vacated and re-entered, thereby reopening the period for filing of a direct appeal." (See id.) Therefore, no evidentiary hearing is necessary in this case, and the Court grants Petitioner's First Claim for Relief. Petitioner's sentence will be vacated and the Court will enter a new judgment from which a timely appeal may be taken. See U.S. v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003) (where courts grant relief "for a successful section 2255 motion challenging counsel's ineffectiveness in not pursuing a direct appeal," district courts have discretion to enter a new judgment imposing the same sentence or resentence the petitioner).

Because Petitioner is entitled to a direct appeal, the Court will not address the other claims raised in his petition. See U.S. v. Sanchez, 2014 WL 764341, at *2 (S.D.N.Y. Feb. 25, 2014) (denying without prejudice petitioner's ineffective assistance of counsel claims in light of granting opportunity to file a direct appeal); see also Nuey v. U.S., 2007 WL 465214, at *1 (S.D.N.Y. Feb. 9, 2007) (concluding that "a district court will not entertain a petition for habeas corpus pursuant to 28 U.S.C. § 2255 during the pendency of the direct appeal"). Therefore, Petitioner's Second and Third Claims for Relief are denied without prejudice pending resolution of his direct appeal.

CONCLUSION

For the foregoing reasons, the Court grants Petitioner's First Claim for Relief. His sentence is hereby vacated and the Court will enter a new judgment from which a timely appeal may be taken. The Court respectfully directs the Clerk of Court to appoint CJA counsel from the habeas panel to represent Petitioner for purposes of filing a timely appeal to the United States Court of Appeals for the Second Circuit. Petitioner's Second and Third Claims for Relief are denied without prejudice pending resolution of his direct appeal. In light of this denial, Petitioner should consult with his counsel regarding questions about deductions from his inmate account by the Bureau of Prisons and, if necessary, may file a grievance directly with the Bureau of Prisons.

This Order resolves docket entry no. 80 in 14-CR-731. The Clerk of Court is respectfully directed to close case no. 17-CV-10087.

SO ORDERED.

Dated: New York, New York
November 8, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

Ivan Collado (No. 71344-054)
FCI Hazelton
P.O. Box 5000
Bruceton Mill, WV 26525