UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,

                                                   No.  14-CR-00731-LTS
  -v-                                         No.  17-CV-10087-LTS

IVAN COLLADO,

        Petitioner-Defendant.

--------------------------------------------------------x

## ORDER

The Court has received Petitioner-Defendant Ivan Collado's counseled supplemental submissions (Docket Entry Nos. 141, 155, 156) filed in support of his pending motion to vacate under 28 U.S.C. section 2255.  (Docket Entry No. 80.)[1]  Mr. Collado argues, among other things, that his prior counsel's alleged ineffective assistance of counsel in connection with Mr. Collado's plea agreement and withdrawal of his objection to a five-level sentencing enhancement, for possession or use of a firearm, amounted to a "structural error" under McCoy v. Louisiana, 138 S. Ct. 1500 (2018), resulting in "a per se Strickland violation where the need for application of the two-prong Strickland test [applicable to claims of ineffective assistance of counsel] becomes moot."  (Docket Entry No. 141 at 5.)  Perhaps in light of this position, Mr. Collado does not explicitly address whether the alleged ineffective assistance in connection with the firearm enhancement was prejudicial under Strickland's second prong.  See generally Rosario v. United States, No. 17-CR-0027 (LTS), 2019 WL 5260784, at *5 (S.D.N.Y. Oct. 17, 2019) (outlining the test for prejudice in the context of alleged ineffective assistance of counsel rendered in connection with a guilty plea), certificate of appealability

---

[1]     Docket Entry Nos. refer to the criminal case, 14-CR-00731-LTS.

denied, No. 19-3812, 2020 WL 2479672 (2d Cir. Apr. 14, 2020); Bonneau v. United States, No. 01-CV-11623 (AGS), 2002 WL 1552086, at *7 (S.D.N.Y. June 4, 2002) (rejecting ineffective assistance claim based on an attorney's failure to object to a firearm enhancement, in part due to the lack of demonstration of actual prejudice).  Nor does the Government address the question of prejudice stemming from the alleged ineffective assistance.  (See Docket Entry No. 138.)

When presented with alleged "structural" errors in the context of collateral ineffective assistance of counsel claims, rather than on direct review, courts generally require a petitioner to demonstrate that both Strickland prongs are met in order to establish his or her entitlement to relief.  See, e.g., Yannai v. United States, 346 F. Supp. 3d 336, 347 (E.D.N.Y. 2018) (quoting Weaver v. Massachusetts, 137 S. Ct. 1899, 1912 (2017), and explaining the "different standard[s] for evaluating a structural error depending on whether it is raised on direct review or raised instead in a claim alleging ineffective assistance of counsel"); Messina v. United States, No. 11-CR-31 (KAM), 2020 WL 4194533, at *25 (E.D.N.Y. July 21, 2020) (denying habeas claim based on trial counsel's request for a Fatico hearing, over a client's objection, in part because the petitioner was "unable to show that he was prejudiced by the decision to proceed with a Fatico hearing").

The Court therefore concludes that additional briefing from both parties on the question of prejudice resulting from the ineffective assistance alleged by Mr. Collado is warranted.  Mr. Collado and the Government shall each file a letter addressing that question by **April 9, 2021**.  The parties' submissions shall also address whether there is any objection to

holding a hearing—to the extent the Court determines that one is required—by remote means, and what video facilities may be available for remote testimony by Mr. Collado in that event.

    SO ORDERED.

Dated: New York, New York
       March 24, 2021

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          United States District Judge