UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IVAN COLLADO,

       Petitioner,

  -v-                                              No. 17-CV-10087-LTS
                                                    No. 14-CR-00731-LTS

UNITED STATES OF AMERICA,

       Respondent.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Petitioner Ivan Collado ("Petitioner") was convicted on June 28, 2016, upon a guilty plea, of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. section 1951, and was sentenced principally to a custodial term of 121 months of imprisonment. (Docket entry no. 69.[1]) Petitioner now moves, pursuant to 28 U.S.C. section 2255, to vacate, set aside, or correct his conviction, on the grounds that (1) he was deprived of effective assistance of counsel when, prior to sentencing, his prior counsel withdrew his objection to a five-point offense level enhancement based on his brandishing or possessing a firearm in connection with the robberies underlying his guilty plea, (2) the application of the firearm enhancement was rendered illegal by the Supreme Court's decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), and (3) he was deprived of effective assistance of counsel when his prior counsel "did not raise" the issue of Petitioner's mental disorder in connection with his sentencing. (<u>See</u> docket entry no. 135 ("Petition"); docket entry no. 137 ("Supp. Petition").)

---

[1]     Unless otherwise noted, all docket citations are to the criminal docket, No. 14-CR-731.

The Court has reviewed thoroughly the parties' submissions in connection with the Petition. For the following reasons, Petitioner's motion is denied.

BACKGROUND

The following factual summary is drawn from the record of the prosecution and sentencing in the above-captioned criminal case, and the parties' submissions in connection with this motion practice.

According to the factual recitations in the presentence report (docket entry no. 79, "PSR"), Petitioner participated in four robberies in New York City between 2011 and 2013. (PSR ¶¶ 36-57.) In 2011, Petitioner and two others robbed an individual of one kilogram of heroin and several firearms in Queens, New York, leading to shots fired by the victim and one of Petitioner's co-conspirators. (Id. ¶ 54.)[2] On September 30, 2012, Petitioner and three others—at least one of whom was armed with a firearm—entered a private home in the Bronx, New York, through a window, tied up one victim (and threatened to burn that victim's genitals with a hot iron), and ultimately stole $2,500, among other things. (Id. ¶¶ 51-53.) On March 2, 2013, Petitioner and five others forced their way into an apartment in the Bronx, New York, with one or more guns drawn; Petitioner himself brought two guns and brandished one; and the robbers ultimately stole $7,000 in cash, among other things. (Id. ¶¶ 42-50.) On May 24, 2013, Petitioner and three others forced their way into an apartment in Manhattan, New York, with one or more

---

[2] As explained below, Petitioner initially claimed that "he did not possess or brandish a firearm during the commission of" the robberies underlying his conviction, "and the possession or brandish[ing] of a firearm by Mr. Collado's co-defendants was not reasonably foreseeable to him at the time he agreed to commit, and did commit the offense[s]" (docket entry no. 155 at ECF pages 5-6), but withdrew his objections to the PSR based on that claim prior to sentencing. (Docket entry no. 62.)

guns drawn; Petitioner again wielded a firearm; and the robbers ultimately stole $2,000, among other things, from a safe kept in the apartment. (Id. ¶¶ 38-41.)

On August 6, 2014, Petitioner was arrested in this District and charged with one count of conspiring to commit Hobbs Act robberies, in violation of 18 U.S.C. section 1951, and one count of possessing a firearm in connection with the crime of violence charged in the first count, in violation of 18 U.S.C. sections 924(c)(1)(a)(ii) and 2. (Docket entry no. 1.) On June 28, 2016, Petitioner entered a plea of guilty to the Hobbs Act count. (See docket entry no. 55 ("Plea Tr.").) In his plea agreement, Petitioner disputed that he had brandished or possessed a firearm in connection with the offense, and contested the applicability of the five-point offense level enhancement under section 2B3.1(b)(2)(C)[3] of the United States Sentencing Guidelines ("section 2B3.1(b)(2)(C)"). That enhancement applies if, in connection with a robbery committed in violation of 18 U.S.C. section 1951 (among other offenses), "a firearm was brandished or possessed." U.S.S.G. § 2B3.1(b)(2)(C). During his plea colloquy, Petitioner admitted among other things that the predicate agreements to commit robbery he entered into in violation of section 1951 included "an agreement to rob someone at gunpoint in [t]he Bronx in 2012," "an agreement to rob someone at gunpoint in [t]he Bronx on March 2, 2013," and "an agreement to rob someone at gunpoint on May 24, 2013." (Plea Tr. at 32-33.) Nonetheless, Petitioner's then-counsel Edward V. Sapone took pains to ensure that the record of the change of plea hearing was "clear that nothing that transpired today takes away [Petitioner's] right to make his arguments at the time of sentencing that he should not suffer that five-level increase" under section 2B3.1(b)(2)(C). (Id. at 39.)

---

[3] The plea agreement erroneously refers to section 2B3.1(b)(1)(C) of the Sentencing Guidelines, which does not exist.

On November 15, 2016, weeks before Petitioner's scheduled sentencing hearing, attorney Sapone filed a letter withdrawing Petitioner's objection to the application of section 2B3.1(b)(2)(C):

> I write to inform the Court that after extensive discussion with Mr. Collado he has elected not to contest the remaining guidelines issues [including the application of section 2B3.1(b)(2)(C)'s firearm enhancement]. We have conferred with the Probation Department and with the Government and believe that a Fatico Hearing is no longer necessary. Mr. Collado will rely on the guidelines calculation set forth in the final presentence investigation report.

(Docket entry no. 62.)[4]

On December 15, 2016, the Court held Petitioner's sentencing hearing. In advance of the hearing, attorney Sapone submitted a sentencing memorandum, accompanied by thirty-seven letters in support of Petitioner, a sentencing mitigation report, psychological evaluations and educational records of Petitioner, as well as a letter about Petitioner from a professor of psychiatry. (See docket entry no. 70 ("Sentc. Tr.") at 2-3.) At the hearing, attorney Sapone argued for a downward variance from the applicable sentencing guidelines range of 121 to 151 months—which was calculated incorporating the no longer contested section 2B3.1(b)(2)(C) firearm enhancement—based, in substantial part, on Petitioner's mental health history and condition. (Id. at 13-39.) The Government opposed any such downward variance, emphasizing the violent nature of the robberies committed by Petitioner and the use of firearms in connection with those robberies. (See id. at 39 ("there were guns provided by this defendant"); id. at 40 ("He was someone who put together the guns, he put together counter-

---

[4] "A 'Fatico' hearing is a sentencing hearing at which the prosecution and the defense may introduce evidence relating to the appropriate sentence." United States v. Lohan, 945 F.2d 1214, 1216 (2d Cir. 1991) (citing United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979)).

surveillance.").) Petitioner himself addressed the Court and apologized for the mistakes he had made, and neither attempted to minimize the severity of his conduct nor denied the use and possession of firearms in connection with the four robberies underlying his conviction. (Id. at 42.) The Court considered the parties' submissions and statements at sentencing, weighed the relevant section 3553(a) factors—noting that Petitioner "personally brought guns" to certain of the Hobbs Act robberies, and that Petitioner has "intellectual and mental health challenges that are of a significant and extraordinary nature"—and sentenced Petitioner to 121 months of imprisonment, to be followed by a three-year term of supervised release. (Id. at 44-49.)

In the motion now before the Court, Petitioner seeks to vacate, set aside, or correct his sentence, arguing that (1) he was deprived of effective assistance of counsel when attorney Sapone withdrew his objection to the firearm enhancement under section 2B3.1(b)(2)(C), (2) the application of the enhancement was rendered illegal by the Supreme Court's decision in Davis, and (3) he was deprived of effective assistance of counsel when attorney Sapone "did not raise" the issue of Petitioner's mental disorder at sentencing.

## DISCUSSION

A petitioner may prevail on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 if he can show that his sentence (i) was imposed in violation of the Constitution or the laws of the United States; (ii) was entered by a court without jurisdiction to impose the sentence; (iii) exceeded the maximum detention authorized by law; or (iv) is otherwise subject to collateral attack. The grounds for relief under section 2255 are limited, out of "respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place."

U.S. v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (citation omitted).  Petitioner must show by a preponderance of the evidence that he is entitled to relief.  Vargas v. United States, 951 F. Supp. 2d 531, 549 (S.D.N.Y. 2013).

To prevail on an ineffective assistance of counsel claim brought pursuant to section 2255, Petitioner must show that (i) counsel's performance was deficient under an objective standard of reasonableness, and (ii) Petitioner was prejudiced as a result of counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 688-94 (1984).  In determining whether counsel's performance was deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the challenger's burden is to show that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687-89.  To satisfy the second prong of the Strickland test, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  U.S. v. Brown, 623 F.3d 104, 112 (2d Cir. 2010) (quoting Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003)).  Courts require "some objective evidence other than defendant's assertions to establish prejudice" under Strickland's second prong.  Pham, 317 F.3d at 182.

Where, as here, a petitioner claiming ineffective assistance of counsel requests an evidentiary hearing (see docket entry no. 141 at 6; docket entry no. 159 at 2-3), the court must "determine[ ] whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief," in which case a hearing should generally be held if material facts are in dispute.  Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).  However, "a

district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding," and need not conduct a hearing where a petitioner has not established that he has a "plausible" claim of ineffective assistance of counsel. Id. at 213-14.

Ineffective Assistance: Firearm Enhancement

Petitioner first claims that he was denied effective assistance of counsel when attorney Sapone "withdrew Petitioner's objection to a five (5) level firearms enhancement" without "Petitioner's knowledge or consent," and without having provided Petitioner a copy of the letter withdrawing the objection. (Petition at 4 & at ECF page 20; see also docket entry no. 156 at 2.)

While the parties disagree about whether Petitioner has proffered a plausible claim, under Strickland's first prong, that attorney Sapone's performance was deficient under an objective standard of reasonableness,[5] the Court need not resolve that dispute, because Petitioner has failed to proffer a plausible claim of prejudice, under Strickland's second prong. See United States v. Birkin, 366 F.3d 95, 101 (2d Cir. 2004) ("If a defendant has failed to show prejudice, this court need not consider the objective reasonableness of counsel's actions."). Petitioner introduces no objective evidence and makes no factual proffer in support of a claim that an

---

[5] Indeed, attorney Sapone strenuously denies Petitioner's allegation that Petitioner was unaware of or opposed to withdrawal of his firearm enhancement objection. (See e.g., docket entry no. 148 ¶¶ 19-20 ("After much discussion, Mr. Collado decided not to pursue the Fatico hearing and authorized me to communicate this information to the government and the Court. This decision was made only after substantial consideration and discussion between Mr. Collado, myself and my associate . . . Mr. Collado was aware that I would be filing, and he authorized me to file, the November 15, 2016 letter by which we informed the Court that Mr. Collado would no longest be contesting the firearm enhancement.").)

objection to the application of section 2B3.1(b)(2)(C), or a Fatico hearing on that question, would have been resolved in Petitioner's favor. Moreover, aside from Petitioner's conclusory statements to the contrary, the evidence in the record uniformly suggests that, even if Petitioner had maintained his objection, the objection would have been overruled: Petitioner admitted to entering into three agreements to commit robberies at gunpoint during his change of plea hearing (Plea Tr. at 32-33); the Government's investigation revealed the use and brandishing of firearms in connection with all four robberies as to which Petitioner pled guilty (PSR ¶¶ 36-57); after Petitioner's sentencing, Petitioner's co-defendant in this case entered a plea of guilty to seven counts of a Superseding Indictment (docket entry no. 93), charging him with participating in certain of the same robberies, at least two of which were "at gunpoint"[6]; and attorney Sapone affirms that a Fatico hearing would not have been advisable given that Petitioner had neither "favorable defense evidence or an absence of government evidence" to introduce in opposition to the application of the firearm enhancement. (Docket entry no. 148 ¶ 15.)

Moreover, the objections Petitioner in fact presented (before withdrawing them) strained credulity. (See docket entry no. 155 at ECF pages 5-7.) Petitioner did not challenge the fact that firearms were possessed during the four underlying robberies; he claimed only that he himself did not bring, possess, or brandish firearms during the robberies, and that the "presence or use of firearms was [not] reasonably foreseeable to him at the time he agreed to commit, and in fact committed," each of the four robberies. (Id.) Even if such a claim were plausible as to the first robbery, the claim that the presence and use of firearms at the second, third, and fourth

---

[6] The Court's determination of prejudice under Strickland, "unlike the performance determination, may be made with the benefit of hindsight." Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994); accord Hales v. United States, No. 08-CV-6547 (LTS) (FM), 2010 WL 3156042, at *3 (S.D.N.Y. Aug. 9, 2010).

robberies was not reasonably foreseeable to Petitioner—where Petitioner does not challenge that the earliest robbery involved not only the possession of firearms, but the theft of them, as well as active gunfire between his co-conspirator and the victim (PSR ¶ 54)—is not plausible.

In light of this record and the Court's familiarity with these proceedings, Petitioner's conclusory claim that he would have prevailed on his objection to the application of section 2B3.1(b)(2)(C) is insufficient to establish a plausible claim of ineffective assistance of counsel based on attorney Sapone's withdrawal of that objection. United States v. Costa, 423 F. App'x 5, 9 (2d Cir. 2011) ("in the absence of what evidence, if any, a Fatico hearing might have established, we cannot conclude that counsel's failure to request one prejudiced Costa in any way"); Veras v. United States, No. 14-CR-00468 (AT), 2021 WL 706826, at *4 (S.D.N.Y. Feb. 22, 2021) ("Mr. Veras also cannot satisfy the second prong of Strickland. Because there were ample facts in the record establishing the applicability of the Firearm Enhancement, there is not a 'reasonable probability that . . . the result of the proceeding would have been different' even if Mr. Veras's counsel had made an objection.") (citation omitted); Pena v. United States, No. 95-CR-130 (AGS), 2000 WL 1568322, at *3 (S.D.N.Y. Oct. 20, 2000) ("Pena does not demonstrate prejudice because he does not describe any specific evidence that he would have introduced at the hearing. His conclusory allegations that evidence at a Fatico hearing would have resulted in a different sentence calculation are insufficient.").[7]

---

[7] Petitioner's counsel appointed in connection with this motion argues that, because attorney Sapone's withdrawal of the firearm enhancement—allegedly without Petitioner's consent—was a "structural error" violating Petitioner's Sixth Amendment right to autonomy, Petitioner need not satisfy Strickland's prejudice prong in order establish ineffective assistance of counsel. (Docket entry no. 141 at 4-5 (citing McCoy v. Louisiana, 138 S. Ct. 1500 (2018).) "The Court in McCoy," which involved a direct appeal challenging a trial counsel's concession of his client's guilt in a capital case, "held that a violation of a defendant's Sixth Amendment right to autonomy is structural error not subject to harmless error review; that is, once the error is established, the defendant is

Nor can Petitioner frame a plausible claim for relief by asserting that he would not have pled guilty, and instead would have "proceeded to trial," if he "had known he would be subject to the 5-point enhancement pursuant to the Plea." (Petition at ECF page 16; docket entry no. 159 at 1.) Initially, Petitioner cannot credibly claim that attorney Sapone's conduct in connection with Petitioner's plea proceedings was deficient, where attorney Sapone—at Petitioner's request—expressly reserved Petitioner's rights with regard to the firearm enhancement. (Plea Tr. at 39.) Even if that conduct was deficient, however, Petitioner has again failed to proffer any facts showing how he was prejudiced by attorney Sapone's conduct. See Padilla v. Kentucky, 559 U.S. 356, 372 (2010) ("[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

Finally, and for the same reasons, the Court concludes that Petitioner has not shown a "plausible claim for relief" so as to entitle him to a hearing on this claim. Puglisi, 586

---

not required to show prejudice to be entitled to a new trial." United States v. Rosemond, 958 F.3d 111, 121 (2d Cir. 2020). In this case, counsel cites no case law for the proposition that an attorney's withdrawal of an objection to a sentencing enhancement prior to sentencing—even over a client's objection—amounts to an infringement of the client's Sixth Amendment right to autonomy. See generally Rosemond, 958 F.3d at 123 (holding that a trial counsel's concession of an element of a crime did not amount to a violation of the client's autonomy as was contemplated in McCoy). Even if attorney Sapone's alleged errors in this case infringed Petitioner's right to autonomy under McCoy, however, district courts in this Circuit have concluded that prejudice from structural errors "is not shown automatically" when raised as part of an ineffective assistance claim on collateral review, rather than on direct review. See Yannai v. United States, 346 F. Supp. 3d 336, 347 (E.D.N.Y. 2018) (quoting Weaver v. Massachusetts, 137 S. Ct. 1899, 1912 (2017), and explaining the "different standard[s] for evaluating a structural error depending on whether it is raised on direct review or raised instead in a claim alleging ineffective assistance of counsel"); Messina v. United States, No. 11-CR-31 (KAM), 2020 WL 4194533, at *25 (E.D.N.Y. July 21, 2020) (denying ineffective assistance claim based on counsel's request for a Fatico hearing, allegedly over a client's objection, in part because petitioner was "unable to show that he was prejudiced by the decision to proceed with a Fatico hearing").

F.3d at 218; accord Sinclair v. United States, No. 10-CR-392 (CS), 2013 WL 3716898, at *8 (S.D.N.Y. July 16, 2013) (collecting authority denying ineffective assistance of counsel claims without a hearing where the petitioner failed to establish that he had a plausible claim for relief).

Petitioner's motion to vacate, to the extent premised on attorney Sapone's withdrawal of his objection to the application of section 2B3.1(b)(2)(C), must therefore be denied.

United States v. Davis

In his Supplemental Petition, Petitioner asserts as a second ground for relief that the same firearm enhancement discussed above "was wrongly imposed due to the current Supreme Court decision in U.S. v. Davis relating to a Hobbs Act Conspiracy and [18 U.S.C. 924]." (Supp. Petition at 2.) In Davis, the Supreme Court held that the definition of "crime of violence" contained in the residual clause of 18 U.S.C. section 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2336. The sentencing enhancement which applied to increase Petitioner's offense level, however, did not contain any such vague residual clause; "[i]nstead, the application of U.S.S.G. § 2B3.1(b)(2)(C) [was] predicated upon whether a firearm was possessed in connection with a robbery." McPherson v. United States, No. 19-CV-11036 (WHP), 2020 WL 2765914, at *6 (S.D.N.Y. May 28, 2020) (rejecting a substantially identical challenge to the application of the firearm enhancement under section 2B3.1(b)(2)(C), based upon Davis, as "wholly without merit"). Petitioner's motion to vacate, to the extent premised on Davis, must therefore be denied.

Ineffective Assistance: Mental Disorder

In his Supplemental Petition, Petitioner asserts as a third ground for relief that he was deprived of effective assistance of counsel at his sentencing because his prior counsel "did not raise" Petitioner's purported entitlement to a sentence reduction as a result of his mental disorder. (Supp. Petition at 2.)

Petitioner's third ground for relief is in direct conflict with the record, which reflects that Petitioner's prior counsel in fact raised—and this Court considered—Petitioner's mental health history and condition at sentencing. (Sentc. Tr. at 19-20, 46-49.) In light of the record, Petitioner's motion to vacate must also be denied to the extent it is premised on his prior counsel's alleged failure to raise his mental disorder as a mitigating factor at sentencing. See Puglisi, 586 F.3d at 214 ("a district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding"); Maldonado v. United States, No. 00-CR-756 (NRB), 2004 WL 360442, at *3 (S.D.N.Y. Feb. 26, 2004) (denying motion brought pursuant to section 2255, without a hearing, where the "record conclusively contradict[ed] petitioner's claims").

CONCLUSION

Petitioner's motion pursuant to 28 U.S.C. section 2255 is denied in its entirety. Because the record is sufficient to enable the Court to make the necessary factual determinations and Petitioner has not raised meritorious claims, the Court also denies Petitioner's request for an evidentiary hearing.

Petitioner may not appeal this Order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (Westlaw through P.L. 117-11). A

certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.A. § 2253(c)(2); <u>see</u> <u>generally</u> <u>U.S. v. Perez</u>, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).  The Court finds that Petitioner will not be able to sustain this burden and, therefore, declines to issue a certificate of appealability.

This Memorandum Order resolves docket entry no. 135 in case no. 14-CR-731. The Clerk of Court is respectfully directed to close case no. 17-CV-10087.

The Court will mail a copy of this Memorandum Order to Petitioner.

SO ORDERED.

Dated: New York, New York
      May 10, 2021

                                                     /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

**Copy mailed to:**

Ivan Collado
Reg. No. 71344-054
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977